PURCHASE AGREEMENT

THIS PURCHASE AGREEMENT, dated this 5th day of January, 2016 (the "Agreement"), by and among Ledgewood Design LLC, Massachusetts limited liability company, with a principal business address of c/o George O'Conor, 35 Ledgewood Road, Weston, MA 02493 ("Seller") and Mark Ruckman with a mailing address of 1750 Fish Creek Falls Road Steamboat Springs, CO 80487 ("Buyer").

WHEREAS, Seller currently holds membership interests in Chime Media, LLC, a Delaware limited liability company (the "Company") representing an aggregate membership interest of [28.108]% in the Company;

WHEREAS, subject to the terms and conditions set forth in this Agreement, Buyer desires to purchase and Seller desires to sell, for an aggregate purchase price of $50,000.00 (the "Purchase Price") membership interests representing an aggregate percentage interest of 0.1% in the Company (the "Interests").

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein, the parties hereto agree as follows:

**1. PURCHASE AND SALE OF INTERESTS**

1.1. <u>Purchase and Sale</u>. On the date hereof, (i) Seller shall sell, convey, assign, transfer and deliver to Buyer the Interests, free and clear of all liabilities, liens, security interests, pledges, restrictions (transfer or otherwise, except as set forth in <u>Section 4.1</u> hereof), claims, charges and encumbrances of any kind, nature or description and (ii) Buyer shall pay to Seller the Purchase Price by wire transfer in immediately available funds, certified or cashier's check made payable to Seller or such other form of payment as is deemed acceptable by Seller.

1.2. <u>Time and Place of Closing</u>. The closing of the transactions contemplated hereby (the "Closing") shall occur on the date hereof.

1.3. <u>Operating Agreement</u>. Buyer and Seller acknowledge that all of the holders of membership interests in the Company (the "Holders") shall adopt and enter into an initial operating agreement of the Company in a form reasonably acceptable to the Holders, including Buyer (the "LLC Agreement"). Buyer hereby agrees that, within five business days of receiving notice from the Seller or the Company that the LLC Agreement has been adopted and executed by all of the Holders other than Buyer, Buyer shall execute and deliver to Seller a counter part signature page to the LLC Agreement, and thereupon become a member in and hold his Interests subject to the terms and conditions of the LLC Agreement.

1.4. <u>Other Action to be Taken after the Closing</u>. Following the Closing, Seller and Buyer shall execute and deliver any and all documents and instruments in addition to those provided for herein that may be necessary or appropriate to effectuate the transactions contemplated by this Agreement.

**2. REPRESENTATIONS AND WARRANTIES OF SELLER**

Seller hereby represents and warrants to Buyer as follows:

2.1. <u>Ownership of Shares</u>. Seller is the sole record and beneficial owner of the Interests and has good and marketable title thereto, free and clear of any and all liabilities, liens, security interests, pledges, restrictions (transfer or otherwise, except as set forth in <u>Section 4.1</u> hereof), claims, charges or other encumbrances of any kind, nature, or description.

#11776990 v2

EXHIBIT
5

2.2. <u>Due Execution</u>. This Agreement has been duly executed by Seller and the execution and delivery and performance of this Agreement by it (a) will not violate, or result in a breach of, or constitute a default under, the charter, bylaws, partnership agreement or trust instrument or other governing documents of Seller or any agreement, instrument, judgment, order or decree to which it is a party or to which it may be subject, nor will such execution or performance constitute a violation of or conflict with any fiduciary duty to which it is subject and (b) this Agreement constitutes a legal, valid and binding agreement of Seller.

2.3. <u>Due Authorization</u>. Seller represents that (i) it is duly organized, validly existing and in good standing in its jurisdiction of organization under the laws of a state of the United States and has all the requisite power and authority to enter into and perform this Agreement and to convey and assign to Buyer the Interests; and (ii) this Agreement and the performance of Seller's obligations hereunder have been duly authorized by all necessary action on behalf of Seller.

**3.   REPRESENTATIONS AND WARRANTIES OF BUYER**

Buyer represents and warrants to Seller as follows:

3.1. All information provided to Seller concerning Buyer is true and correct in all respects as of the date thereof.

3.2. Buyer is at least twenty-one (21) years of age and of sufficient legal capacity to execute this Agreement.

3.3. Buyer is acquiring the Interests for his own account for investment purposes and not for the account of another nor with a view to, or for resale in connection with, any distribution or public offering thereof within the meaning of the Securities Act of 1933, as amended (the "Securities Act"), the state securities laws of the applicable jurisdiction, or the rules and regulations promulgated thereunder.

3.4. Buyer is able financially to bear the risk of losing his or its entire investment, has adequate means of providing for his or its current needs and possible personal contingencies, and has no need for liquidity of this investment.

3.5. Buyer has sufficient knowledge and expertise in business, tax and financial matters to be able to evaluate the risks and merits inherent in investments of this type.

3.6. Buyer has received from Seller and the Company information with respect to all matters he or it considers material to his or its investment decision, has had the opportunity to ask questions of Seller and officers of the Company on any matter material to his investment decision, and all such questions have been answered to his satisfaction.

3.7. Buyer acknowledges that no representations have been made to him orally or in writing regarding the Company except by means of responses by the officers of the Company to questions asked pursuant to <u>Section 3.6</u> above, and, by executing this Agreement, Buyer acknowledges that he is not relying upon any representations or information other than information furnished in response to questions under <u>Section 3.6</u>, and the results of his or its own investigation.

3.8. Buyer understands that the Company has a limited operating history, and the purchase of the Interests as an investment involves substantial risks, including the risk that Buyer may lose his entire investment.

3.9. Buyer has a residence located at the address set forth in the preamble and all offers of the Interests were made to Buyer at that address or elsewhere within that state; no offer or solicitation was

#11776990 v2

made to Buyer in any state other than that state; and Buyer accepted the offer to purchase the Interests pursuant to this Agreement within that state; and prior to such acceptance, Buyer did not accept the offer in any other state, orally, in writing, or otherwise.

    3.10.    Buyer has a net worth (individually or jointly with his spouse) in excess of $1,000,000, or his annual gross income for the most recent two calendar years was in excess of $200,000 (or his joint income with his spouse was in excess of $300,000), and he has a reasonable expectation of reaching the same income level in the current year.

    3.11.    Buyer has an overall commitment to investments which are not readily marketable which is not disproportionate to Buyer's net worth and which, with the investment in the Interests, will not cause such overall commitment to become excessive.

## 4. MISCELLANEOUS

    4.1.    <u>Agreement to Be Bound by Securities Laws</u>.  By executing this Agreement, Buyer agrees as follows:

    (a)    Buyer understands and acknowledges that the Interests have not been registered under the Securities Act of 1933, as amended (the "Securities Act"), or state securities laws, and the transferability of the Interests is therefore subject to restrictions imposed by those laws;

    (b)    Buyer agrees that he will not sell or otherwise transfer the Interests unless they are registered under the Securities Act and state securities laws of the applicable jurisdiction or unless an exemption from registration is available.  Buyer acknowledges that it is not contemplated that any registration will be made or that the Company will take steps to make the provisions of Rule 144 under the Securities Act available for resales; and

    (c)    Buyer understands and acknowledges that the Interests will be subject to the terms and conditions of the LLC Agreement, and any amendments thereto, and that such terms and conditions are expected to include restrictions on the sale or transfer of the Interests.

    4.2.    <u>Execution in Counterparts</u>.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

    4.3.    <u>Entire Agreement</u>.  This Agreement and the documents to be delivered hereunder constitute the entire understanding and agreement between the parties hereto concerning the subject matter hereof.  All negotiations between the parties hereto are merged into this Agreement, and there are no representations, warranties, covenants, understandings or agreements, oral or otherwise, in relation thereto between the parties other than those incorporated herein and to be delivered hereunder.  Nothing expressed or implied in this Agreement is intended or shall be construed so as to grant or confer on any person, firm or corporation ether than the parties hereto, any rights or privileges hereunder.

    4.4.    <u>Survival of Representations and Warranties</u>.  All representations and warranties of Seller and Buyer made pursuant to this Agreement shall survive the Closing hereunder.

    4.5.    <u>Headings</u>.  The headings contained in this Agreement are for the purpose of reference only and shall not be considered a part of, or control or affect the meaning or construction of this Agreement.

#11776990 v2

4.6. <u>Governing Law</u>.  This Agreement is being delivered in and shall be construed in accordance with and governed by the laws of the Commonwealth of Massachusetts.

4.7. <u>Binding Effect</u>.  This Agreement and all of the provisions hereof shall be binding upon and inure to the benefit of each party, and their successors and assigns.

*Signature Page Follows*

#11776990 v2

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed, all as of the date and year first above written.

SELLER:

**LEDGEWOOD DESIGN LLC**

*George W. O'Conor*
By: George O'Conor
Title: CEO

BUYER:

_____
Mark Ruckman

#11776990 v2