UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHIME MEDIA, LLC, *and* | § | |
| GEORGE O'CONOR, | § | |
| | § | |
| *Plaintiffs and Counter-Defendants,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-00071-ALM |
| | § | |
| MARK RUCKMAN, *and* HALAGARD, INC., | § | |
| | § | |
| *Defendants and Counter-Plaintiff.* | § | |

PLAINTIFFS' ANSWER TO RUCKMAN'S AMENDED COUNTERCLAIMS

Plaintiffs and Counter-Defendants Chime[1] and O'Conor[2] (collectively, "Plaintiffs") hereby

file their Answer to Ruckman's[3] Amended Counterclaims (Dkt. 33).

## I.    PARTIES

1.    Because Ruckman admitted he is a citizen of Texas in his Answer, Plaintiffs do not

deny the same allegations in paragraph 1 of Ruckman's Amended Counterclaims.[4]

2.    Because Defendants admit the allegations in paragraph 2 in their Answer, Plaintiffs

do not deny the same.

3.    Plaintiffs admit the allegations in paragraph 3.

4.    Plaintiffs admit the allegations in paragraph 4.

---

[1]    "**Chime**" refers to Plaintiff and Counter-Defendant Chime Media, LLC.

[2]    "**O'Conor**" refers to Plaintiff and Counter-Defendant George O'Conor.

[3]    "**Ruckman**" refers to Defendant and Counter-Plaintiff Mark Ruckman.

[4]    Unless otherwise specified, references to paragraphs herein refer to the paragraphs in Ruckman's
Amended Counterclaims, Dkt. 33.

## II.      JURISDICTION AND VENUE

5.      Plaintiffs incorporate by reference their previous answers to the allegations in paragraphs 1-4 herein in response to the allegations in paragraph 5.

6.      Plaintiffs admit the allegations in paragraph 6.

7.      Plaintiffs admit the allegations in paragraph 7.

## III.      FACTUAL ALLEGATIONS

8.      Plaintiffs incorporate by reference their previous answers to the allegations in paragraphs 1-7 herein in response to the allegations in paragraph 8.

9.      Plaintiffs admit the allegations in paragraph 9.

10.      Plaintiffs admit that O'Conor is the sole director of Chime and was so as of September 6, 2018.

11.      Plaintiffs admit the allegations in paragraph 11.

12.      Plaintiffs admit the allegations in paragraph 12.

13.      Plaintiffs admit the allegations in paragraph 13.

14.      Plaintiffs admit the allegations in paragraph 14.

15.      Plaintiffs deny the connotation in the allegations in paragraph 15 that Chime did not have an accountant prepare Chime's tax returns and the investors' K-1s, which Ruckman has regularly received. Plaintiffs otherwise admit that, as of September 6, 2018, Chime did not have sufficient cash to pay an accountant to prepare its financial statements or review its financial records, but deny any connotation that Plaintiffs had any duty to do so.

16.      Plaintiffs admit that as of January 9, 2018 Ruckman had left Chime. Plaintiffs deny that Ruckman was an "employee" of Chime such that he was paid regular wages or salary, but Plaintiffs admit that Ruckman did operate as an officer and agent of Chime prior to January 9, 2018.

17.     Plaintiffs admit the allegations about Ledgewood[5] in paragraph 17.

18.     Plaintiffs deny the allegation and connotation in paragraph 18 that O'Conor ever dissolved Ledgewood, including in 2018; Plaintiffs admit Ledgewood faced administrative dissolution with the Commonwealth of Massachusetts; and Plaintiffs admit that Ledgewood is currently in legal existence according to the Secretary of the Commonwealth of Massachusetts.

19.     Plaintiffs admit the allegation in paragraph 19 that O'Conor is and was the sole member and Chief Executive Officer of Ledgewood.

20.     Plaintiffs admit the allegation in paragraph 20 that Ledgewood owns a predominate share of Chime and created the original Chime Media technology from 2006 to 2010, but deny any connotation that the original technology's transfer was somehow not properly papered.

21.     Plaintiffs admit the allegation in paragraph 21 that Ledgewood entered a first Purchase Agreement dated June 2, 2015 with New Direction IRA, Inc. to exchange a .4% interest in Chime for $200,000; Plaintiffs deny that a copy of that agreement is filed with Dkt. 33 as Exhibit 1; Plaintiffs admit that when the first Purchase Agreement was executed Ledgewood held membership interests in Chime. Plaintiffs are without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 21, and therefore deny the same.

22.     Plaintiffs admit the allegation in paragraph 22 that Ledgewood entered a second Purchase Agreement dated December 12, 2015 with New Direction IRA, Inc. to exchange a .2% interest in Chime for $100,000; Plaintiffs deny that a copy of that agreement is filed with Dkt. 33 as Exhibit 2; Plaintiffs admit that when the first Purchase Agreement was executed Ledgewood held membership interests in Chime. Plaintiffs are without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 22, and therefore deny the same.

---

[5]     "**Ledgewood**" refers to nonparty Ledgewood Design LLC.

23.     Plaintiffs admit the allegation in paragraph 23 that Ledgewood entered a third Purchase Agreement dated January 5, 2016 with Ruckman to exchange a .1% interest in Chime for $50,000; Plaintiffs deny that a copy of that agreement is filed with Dkt. 33 as Exhibit 3; Plaintiffs admit that when the first Purchase Agreement was executed Ledgewood held membership interests in Chime. Plaintiffs are without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 23, and therefore deny the same.

24.     Plaintiffs admit the allegation in paragraph 24 that Ledgewood held only an aggregate membership interest in Chime of at least 28% when each of the three Purchase Agreements was executed.

25.     The allegations in paragraph 25 contain facts mixed with legal conclusions, the latter of which requires no response; Plaintiffs otherwise admit that Ruckman acquired from Ledgewood a .7% aggregate membership interest in Chime.

26.     The allegations in paragraph 26 contain facts mixed with legal conclusions, the latter of which requires no response; Plaintiffs are without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 26, and therefore deny the same.

27.     Plaintiffs admit the allegation in paragraph 27 that O'Conor was the sole member of Ledgewood as of September 6, 2018, as well as when the three aforementioned Purchase Agreements were signed; and Plaintiffs admit that O'Conor represented in Dkt. 1-4 that, starting in 2012, all cash for Chime operations "was generated by Ledgewood selling its/my membership interests in Chime to investors."

28.     The allegations in paragraph 28 contain legal conclusions, to which no response is required. Plaintiffs nevertheless deny that Ledgewood was the alter ego of O'Conor at any time. Plaintiffs deny that O'Conor's September 6, 2018 representation in Dkt. 1-4 that, starting in 2012,

all cash for Chime operations "was generated by Ledgewood selling its/my membership interests in Chime to investors" in any way equates or supports the alter-ego allegations in paragraph 28.

29.     Plaintiffs admit the allegations in paragraph 29.

30.     Plaintiffs admit the allegations in paragraph 30.

31.     Plaintiffs are without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 31, and therefore deny the same.

32.     Plaintiffs admit that O'Conor made representations, including to Ruckman in late May or early June 2015, that the money O'Conor raised for Chime was gained by selling some of Ledgewood's interests in Chime, a portion of which would be used to finance Chime's operations. Plaintiffs are without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 32, and therefore deny the same.

33.     Plaintiffs are without sufficient knowledge or information to form a belief as to the allegations in paragraph 33, and therefore deny the same.

34.     Plaintiffs deny the allegations in paragraph 34.

35.     Plaintiffs admit the allegations in paragraph 35 quoting the language set forth in Dkt. 1-4. Plaintiffs deny that Ruckman was never informed that funds from selling Ledgewood's interests in Chime were used by O'Conor for his personal expenses, account, or benefit. Plaintiffs are without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 35, and therefore deny the same.

36.     Plaintiffs admit that Ruckman provided help to Chime and was given the title "Vice President of Operations" for Chime, but Plaintiffs deny the remainder of allegations in paragraph 36, including that Ruckman was "an employee of Chime beginning in 2015 and until January 2018."

37.      Plaintiffs admit that Chime had limited operating capital in 2015 but deny the remainder of the allegations in paragraph 37.

38.      Plaintiffs deny the allegations in paragraph 38.

39.      Plaintiffs are without sufficient knowledge or information to form a belief as to the allegations in paragraph 39, and therefore deny the same.

40.      Plaintiffs deny the allegations in paragraph 40.

41.      Plaintiffs deny the allegations in paragraph 41.

42.      Plaintiffs deny that O'Conor was living a lavish lifestyle in a mountain vacation destination. Plaintiffs are without sufficient knowledge or information to form a belief as to the allegations in paragraph 42, and therefore deny the same.

43.      Plaintiffs are without sufficient knowledge or information to form a belief as to the allegations in paragraph 43, and therefore deny the same.

44.      Plaintiffs deny the allegations in paragraph 44.

45.      Plaintiffs deny the allegations in paragraph 45.

46.      Plaintiffs admit the allegations in paragraph 46.

47.      Plaintiffs deny the implication by the allegations in paragraph 47 that anything was ever owed to Ruckman by Chime or O'Conor but admit Ruckman was not compensated for his work for Chime.

48.      Plaintiffs deny the allegations in paragraph 48.

49.      Plaintiffs deny the allegations in paragraph 49.

50.      Plaintiffs deny the allegations in paragraph 50.

51.      Plaintiffs are without sufficient knowledge or information to form a belief as to the allegations in paragraph 51, and therefore deny the same.

52.     Plaintiffs deny the implication by the allegations in paragraph 52, but Plaintiffs admit that Ruckman was not compensated by Chime or O'Conor to move to the Dallas area.

53.     Lacking a Protective Order in this matter at this time, Plaintiffs are precluded from responding to a portion of the allegations in paragraph 53; Plaintiffs deny that O'Conor made any intentional misrepresentations to Ruckman; Plaintiffs are without sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 53, and therefore deny the same.

54.     Plaintiffs deny the allegations in paragraph 54.

### IV.     CAUSES OF ACTION

**A.     Counterclaim I—Securities Fraud (Colorado Securities Act)—
Against O'Conor and Chime**

55.     Plaintiffs incorporate by reference their previous answers to the allegations in paragraphs 1-54 herein in response to the allegations in paragraph 55.

56.     The allegations in paragraph 56 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

57.     The allegations in paragraph 57 are conclusions of law to which no response is required. To the extent a response is required, the referenced documents speak for themselves and the remainder of the allegations are denied.

58.     Plaintiffs admit the allegations of paragraph 58.

59.     Plaintiffs admit the allegations of paragraph 59.

60.     The allegations in paragraph 60 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

61.     The allegations in paragraph 61 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

62.      The allegations in paragraph 62 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

63.      The allegations in paragraph 63 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

64.      The allegations in paragraph 64 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

65.      The allegations in paragraph 65 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**B.      Counterclaim II—Common Law Fraud—Against O'Conor and Chime**

66.      Plaintiffs incorporate by reference their previous answers to the allegations in paragraphs 1-65 herein in response to the allegations in paragraph 66.

67.      Plaintiffs deny the allegations in paragraph 67.

68.      The allegations in paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

69.      The allegations in paragraph 69 are conclusions of law to which no response is required. To the extent a response is required, Plaintiffs are without sufficient knowledge or information to form a belief as to the allegations in paragraph 69, and therefore the allegations are denied.

70.      The allegations in paragraph 65 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**C.      Counterclaim III—Breach of Fiduciary Duty—Against O'Conor**

71.      Plaintiffs incorporate by reference their previous answers to the allegations in paragraphs 1-70 herein in response to the allegations in paragraph 71.

72.      Plaintiffs admit the allegations in paragraph 72.

73.     Plaintiffs admit the allegations in paragraph 73.

74.     The allegations in paragraph 74 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

75.     The allegations in paragraph 75 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**D.     Counterclaim IV—Breach of Employment Contract—Against Chime**

76.     Plaintiffs incorporate by reference their previous answers to the allegations in paragraphs 1-75 herein in response to the allegations in paragraph 76.

77.     The allegations in paragraph 77 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Specifically, the allegations in paragraph 77 set forth a condition precedent that did not occur.

78.     The allegations in paragraph 78 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

79.     The allegations in paragraph 79 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

80.     The allegations in paragraph 80 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

81.     The allegations in paragraph 81 are conclusions of law to which no response is required. To the extent a response is required, Plaintiffs are without sufficient knowledge or information to form a belief as to the allegations in the first sentence of paragraph 81, and therefore the allegations are denied; Plaintiffs admit Ruckman quit assisting Chime in late 2017 but remained copied on company communications into the first half of 2018. Plaintiffs deny the remainder of the allegations in paragraph 81.

82.      The allegations in paragraph 82 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

83.      The allegations in paragraph 83 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

84.      The allegations in paragraph 84 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**E.      Counterclaim V—Unjust Enrichment (Monies Had and Received)—Against O'Conor**

85.      Plaintiffs incorporate by reference their previous answers to the allegations in paragraphs 1-84 herein in response to the allegations in paragraph 85.

86.      The allegations in paragraph 86 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

87.      The allegations in paragraph 87 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

88.      The allegations in paragraph 88 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**F.      Counterclaim VI—Unjust Enrichment (Services Rendered)— Against Chime and O'Conor**

89.      Plaintiffs incorporate by reference their previous answers to the allegations in paragraphs 1-88 herein in response to the allegations in paragraph 89.

90.      The allegations in paragraph 90 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

91.      The allegations in paragraph 91 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

92.     The allegations in paragraph 92 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## V.     JURY DEMAND

93.     Plaintiffs admit that Ruckman and Halagard have demanded a trial by jury.

## VI.     SPECIFIC DENIALS

94.     Pursuant to Rule 9(a), Plaintiffs specifically deny Ruckman's capacity to sue, either directly or in a representative capacity, for alleged rights or injuries in connection with the first two aforementioned Purchase Agreements.

95.     Plaintiffs further specifically deny that the alleged condition precedent pleaded in paragraph 77 did not occur.

## VII.     AFFIRMATIVE AND OTHER DEFENSES

96.     Ruckman's claims are barred, in whole or in part, by disclaimed reliance, contractual disclaimer, the merger doctrine, voluntary payment, or because a valid, express contract controls.

97.     Ruckman's claims are barred, in whole or in part, by lack of privity.

98.     Ruckman's claims are barred, in whole or in part, by the doctrine of laches or waiver.

99.     Ruckman's claims are barred, in whole or in part, by his unclean hands, the doctrine of *in pari delicto*, prevented performance, or justification.

100.     Ruckman's claims are barred, in whole or in part, by the Bespeaks Caution doctrine or the Statute of Frauds.

101.     Ruckman's claims are barred, in whole or in part, by the Business Judgment Rule, Non-Interference Doctrine, Sophisticated User Doctrine, acquiescence, ratification, or Ruckman's actual knowledge.

102.    Ruckman's claims are barred, in whole or in part, because Ruckman has not in-

curred any damages, Plaintiffs were not the cause of any alleged damages, the Economic-Loss

Rule, Ruckman was the cause of any alleged injury, or failure to mitigate damages.

103.    Ruckman's claims for relief are barred, in whole or in part, by offset or setoff.

## VIII.    CONCLUSION AND PRAYER

Plaintiffs request that a take-nothing judgment be entered on all claim asserted by Ruck-

man, and that Plaintiffs be awarded all further relief to which they are entitled.

Respectfully submitted,

Matthew M. Mitzner

By: _____
Texas Bar No. 24068911
matthew@mitznerllp.com
**MITZNER LLP**
Thanksgiving Tower
1601 Elm Street, Suite 1995
Dallas, Texas 75201
Tel: (214) 810-1488
Fax: (214) 614-7485

ATTORNEY FOR PLAINTIFFS AND
COUNTER-DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that, today, I served a true and correct copy of this document on all counsel
of record by this Court's ECF system.

_____
Matthew M. Mitzner