# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CHIME MEDIA, LLC, and GEORGE O'CONOR, § § § § § § § § §  v.  MARK RUCKMAN, and HALAGARD, INC. | Civil Action No. 4:20-cv-00071 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Summary Judgment (Dkt. #79). Having considered the Motion, the Court finds the Motion should be **DENIED.**

### BACKGROUND

This is a trade secrets case. On January 28, 2020, Chime Media LLC and George O'Conor sued Mark Ruckman and Halagard, Inc. (Dkt. #1). On April 8, 2020, Defendants asserted six counterclaims, including: securities fraud; common law fraud; breach of fiduciary duty; breach of oral employment contract; money had and received; and services rendered (Dkt. #13 (Answer); Dkt. #33 (Amended Counterclaim)).

On May 17, 2021, Plaintiffs moved for summary judgment on Defendants counterclaims (Dkt. #79). Plaintiffs argue the counterclaims began accruing in 2015 and are barred by a four-year statute of limitations. On June 7, 2021, Defendants responded that there was a fact question if the claims began to accrue in 2015, or if they began to accrue in 2018 (Dkt. #81). On June 14, 2021, Plaintiffs replied (Dkt. #82). On June 22, 2021, Defendants filed their Sur-Reply (Dkt. #83).

### LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper

"if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Dispute over a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019). Trial courts "must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020).

The party moving for summary judgment bears the initial burden of identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant satisfies this burden as to a claim or defense for which summary judgment is sought, evidence must be offered that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may discharge the burden by demonstrating the absence of evidence supporting the nonmovant's case. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried this initial burden, the nonmovant "must go beyond the pleadings and present specific facts indicating a genuine issue for trial in order to avoid summary judgment." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere

denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden—reciting "barebones, conclusory, or otherwise-unsupported assertions" is simply insufficient. *Hassen v. Ruston Louisiana Hosp. Co., L.L.C.*, 932 F.3d 353, 355–56 (5th Cir. 2019); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). And courts are not required "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). Rather, to have a request for summary judgment dismissed, a nonmovant must show with "'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). Courts must "'draw all reasonable inferences in favor of the nonmoving party' and 'refrain from making credibility determinations or weighing the evidence.'" *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

## ANALYSIS

Plaintiffs move for summary judgment on Defendants' counterclaims. After a careful review of the record and the arguments presented, the Court is not convinced that Plaintiffs met their burden demonstrating no material issue of fact as to these claims entitling it to judgment as a matter of law. Accordingly, the Court finds that the motion should be denied.

## CONCLUSION

It is hereby **ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt. #79) is **DENIED**.

SIGNED this 28th day of June, 2021.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE